# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RANDOLPH EPPS, | CASE NO. 1:05-CV-01102-OWW-SMS-P |
| Plaintiff, | ORDER DIRECTING CLERK'S OFFICE TO CHANGE PLAINTIFF'S ADDRESS OF RECORD TO CSP-SOLANO |
| v. | |
| KATHY MENDOZA-POWERS, et al., | (Doc. 8) |
| Defendants. | ORDER DENYING REQUESTS RELATING TO OUTGOING MAIL AND FOR STAY OF ACTION |
| | (Doc. 8) |
| | SECOND ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS |

Plaintiff John Randolph Epps ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 18, 2005, the court granted plaintiff a thirty-day extension of time to pay the filing fee in full or file an application to proceed in forma pauperis in compliance with the court's order of October 19, 2005. On December 12, 2005, plaintiff filed a letter detailing difficulties in obtaining a completed application to proceed in forma pauperis from prison officials. In the letter, plaintiff states that he is now at California State Prison-Solano. In addition, plaintiff requests a court order requiring prison officials to send his outgoing mail free of charge and a stay of this action pending his transfer to another institution.

///

1    The Clerk's Office shall be directed to change plaintiff's address of record from Avenal to Solano. Plaintiff is informed that it is his duty to inform the court of any changes in his address via a notice of change of address form.

4    With respect to plaintiff's outgoing mail, there is no evidence that prison officials are refusing to mail plaintiff's documents. (Exhibit attached to letter.) Rather, the weight of plaintiff's items to be mailed exceeded the limit for indigent mail. In its years of handling cases in which the plaintiffs were incarcerated, the court has observed that the Department of Corrections assesses charges for postage against inmates' trust accounts with zero or negative balances. Therefore, it does not appear that having no funds precludes sending mail. Rather, the postage charge is simply assessed against the inmate's trust account. Regardless, the court cannot issue any orders affecting individuals or entities not before the court, or relating to claims not before the court. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Therefore, plaintiff's request for court intervention relating to his outgoing mail shall be denied.

16    Concerning plaintiff's request for a stay, plaintiff filed this action and is responsible for prosecuting it. If plaintiff is having trouble complying with the court's order due to institutional transfer, lock-downs, etc., he may seek relief via a motion for an extension of time. The court cannot and will not stay the action due to the inconveniences being experienced by plaintiff.

20    Finally, the court will grant plaintiff another extension of time to comply with the order of October 19, 2005. Plaintiff should fill out the application to proceed in forma pauperis and follow the institutional procedures for processing the application. The court has yet to preside over an action in which the plaintiff has been unable to obtain a completed application from prison officials. However, plaintiff must follow the procedures set in place and the processing of his application by officials may take thirty days or longer. Although the court is unaware of the exact procedure, in the past, the completed applications were generally sent directly to the court by prison officials and were not returned to the plaintiffs by staff for mailing to the court.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall change plaintiff's address of record to CSP-Solano;
2. Plaintiff's requests for a court order directing prison officials to send his outgoing mail free of charge and for a stay of this action are DENIED;
3. The Clerk's Office shall send plaintiff an application to proceed in forma pauperis; and
4. Within **thirty (30) days** from the date of service of this order, plaintiff shall either pay the $250.00 filing fee in full or file a completed application to proceed in forma pauperis, in compliance with the court's order of October 19, 2005.

IT IS SO ORDERED.

**Dated:   January 10, 2006**          /s/ Sandra M. Snyder
icido3                                          UNITED STATES MAGISTRATE JUDGE