# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RANDOLPH EPPS, | CASE NO. 1:05-CV-01102-OWW-SMS-P |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL SET FORTH IN AMENDED COMPLAINT |
| v. | |
| KATHY MENDOZA-POWERS, et al., | (Doc. 17) |
| Defendants. | |

Plaintiff John Randolph Epps ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 5, 2006, in his amended complaint, plaintiff requested the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1     In the present case, the court does not find the required exceptional circumstances.  Even if
2 it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
3 which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
4 similar cases almost daily.  Further, neither plaintiff's original complaint nor plaintiff's amended
5 complaint set forth any cognizable claims.  Thus, plaintiff is not likely to succeed on the merits, and
6 based on a review of the record in this case, the court does not find that plaintiff cannot adequately
7 articulate his claims.  Id.

8     For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
9 DENIED.

11 IT IS SO ORDERED.

12 **Dated:    June 8, 2006**                 **/s/ Sandra M. Snyder**
   icido3                          UNITED STATES MAGISTRATE JUDGE