# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RANDOLPH EPPS, | CASE NO. 1:05-CV-01102-OWW-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE |
| v. | |
| KATHY MENDOZA-POWERS, et al., | (Doc. 17) |
| Defendants. | |

I.   Findings and Recommendations Following Screening of Amended Complaint

    A.   Screening Requirement

Plaintiff John Randolph Epps ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 29, 2005. On May 23, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on June 5, 2006.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff's request for the appointment of counsel set forth in his amended complaint is addressed in a separate order issued concurrently with this Findings and Recommendations.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Denial of Access to the Courts Claim

The events at issue in the instant action allegedly occurred at Avenal State Prison, where plaintiff was incarcerated at the time. Plaintiff names Warden Kathy Mendoza-Powers, J. Surges, N. Grannis, T. D. Johnson, M. Chamver, and Jan Woodford as a defendants. Plaintiff's claim appears to be one for denial of access to the courts.

///

///

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 U.S. at 351.

Plaintiff alleges that "CDC keeps denying paying postage for [his] legal mail and court copies to sheriff's civil department, doctors, attorneys, and other parties involved in [his] court cases," and that "[i]n order to do what the courts tell [him] to do, [he] need[s] to be able to send legal mail and court copies to people named in [his] court cases." (Amend. Comp., § IV.)

In the court's screening order issued on May 23, 2006, the court stated,

> Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for denial of access to the courts. Plaintiff has not alleged any facts supporting a claim that the policy at issue has caused him to suffer an actual injury in a direct

> criminal appeal, habeas petition, or civil rights action. Indeed, plaintiff's allegations are so conclusory that the court is unable to determine what plaintiff has been unable to send and to whom. It is also unclear whether the policy prevents plaintiff from sending mail altogether due to his indigency or whether it in actuality simply prevents him from sending mail for free and causes a withdrawal to his trust account.

(Doc. 16, 3:21-27.)

Plaintiff failed to cure any of the deficiencies identified by the court in its order. Plaintiff has not alleged any facts supporting a claim that he has suffered any actual injury as a result of CDC's mailing policy.[2] Further, it remains unclear if plaintiff is being precluded entirely from mailing certain documents or if he is merely being precluded from mailing them free of charge to his trust account and on the state's tab. The Constitution protects plaintiff from being denied access to the courts. A claim for violation of this right accrues only when and if plaintiff suffers an actual injury with respect to a direct criminal appeal, a habeas petition, or a civil rights suit. Harbury, 536 U.S. at 315; Lewis, 518 U.S. at 351, 354. The Constitution does not provide plaintiff with any guarantee that he may mail whatever he chooses to whomever he chooses free of charge so long as the documents pertain, however remotely, to pending litigation. Because plaintiff again fails to state a claim upon which relief may be granted under section 1983, the court recommends that this action be dismissed, with prejudice.

C.  Conclusion

The court finds that plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983 for denial of access to the courts. The court previously provided plaintiff with the opportunity to cure the deficiencies in his claim, but plaintiff was unable to do so in his amended complaint. Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983 for denial of access to the courts. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

---

[2] Plaintiff also fails to allege any facts linking any of the named defendants to an act or omission that violated his rights.

1 **days** after being served with these Findings and Recommendations, plaintiff may file written
2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
5 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 8, 2006**                                     **/s/ Sandra M. Snyder**
icido3                                                UNITED STATES MAGISTRATE JUDGE